◼ RAYMOND R. ANDREWS, Appellant, v TOWN OF PIERREPONT, Respondent.—Appeal from an order of the St. Lawrence County Court, at Special Term, entered September 20, 1977, which vacated a temporary restraining order and denied a preliminary injunction sought by plaintiff. Seeking, *inter alia,* to enjoin respondent, Town of Pierrepont, from performing certain construction work, i.e., the installation of a culvert under a certain road known as the "Post Wood Park Road" which borders his property in the Town of Pierrepont, plaintiff commenced the instant action on or about March 31, 1977 by service of a summons and complaint. Following a hearing on the matter on May 6, 1977, the County Court determined that applicable provisions of the Town Law and the Highway Law empowered respondent to maintain and repair its highways and that respondent had shown cause why the proposed construction was necessary so as to prevent spring wash-outs of the road resulting in an unsafe and hazardous condition for traffic. Accordingly, the court vacated a temporary restraining order which had been issued and denied plaintiff's application for a preliminary injunction halting the construction pending a trial of the issues of the action. This appeal ensued. Upon our examination of the record herein and, more specifically, of the affidavits submitted by respondent in opposition to the issuance of a preliminary injunction, we find there to be nothing alleged therein which would, if proven, establish respondent's legal right, pursuant to section 147 of the Highway Law, to enter upon plaintiff's property and make the allegedly necessary repairs. Not only did respondent fail to claim that it has title to the road in question, but it also did not allege facts which would demonstrate that the road has become a highway entitled to maintainance and repair by respondent through public use pursuant to section 189 of the Highway Law. Moreover, even assuming that these fundamental questions of title were to be overcome, section 147 of the Highway Law requires that, prior to entering upon plaintiff's land to construct the culvert, respondent's highway superintendent must be directed and authorized to so act by, respectively, the county highway superintendent and respondent's

town board. In this instance, there is no allegation of authorization for the project by the town board, and it is only inferentially suggested in one of the affidavits submitted that the county superintendent directed the work to be done. Such being the case, respondent must be prohibited from going forward with the construction until these basic deficiencies in its position are rectified and its right to act is demonstrated. In so holding, we hasten to emphasize that, should respondent subsequently establish to the satisfaction of the County Court that the road in question is a highway for which respondent has the duty of maintenance and repair and that, as required by section 147 of the Highway Law, the county superintendent has directed and the town board has authorized the proposed work to be done, then the preliminary injunction should be vacated and the project should be allowed to proceed. Under those circumstances, respondent will have satisfactorily established its legal right to repair the road, and plaintiff will be left to seek damages in accordance with section 148 of the Highway Law should it ultimately result that he is harmed by the project (cf. *De Lury v City of New York,* 48 AD2d 595). Order reversed, on the law and the facts, with costs; preliminary injunction granted, without prejudice to a further application by respondent to vacate the injunction, if it be so advised. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.