■ EDWARD P. HOGAN, Appellant, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination terminating the petitioner's employment as a recreation worker at the Central Islip Psychiatric Center, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Pan-

tano, J.), dated August 21, 1984, which granted the respondents' cross motion to dismiss the amended petition for failure to state a cause of action (see, CPLR 7804 [f]; 3211 [a] [7]).

Judgment reversed, with costs, and cross motion denied. Respondents' time to answer is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry.

During petitioner's probationary period of employment at the respondent Central Islip Psychiatric Center, he was advised that his employment would be terminated because he had failed probation. Petitioner brought this CPLR article 78 proceeding alleging, inter alia, that his employment had been terminated because he occasionally took military leave which, as a member of the New York State Army Reserve National Guard, he was required to do. Respondents cross-moved to dismiss the petition pursuant to CPLR 7804 (f) and 3211 (a) (7) for failure to state a cause of action. Special Term granted respondents' cross motion. Apparently, Special Term treated the cross motion as one for summary judgment and thereupon considered affidavits and addressed issues of proof. The parties, however, were not given notice of the court's intention to so treat the cross motion.

The amended petition, served pursuant to stipulation, sufficiently sets forth a cause of action. The employment of a probationary appointee may generally be terminated without a hearing, but that is not the case if it is demonstrated that the motive underlying termination was one prohibited by statute (see, Matter of Stanziale v Executive Dept., 55 NY2d 735; Matter of Talamo v Murphy, 38 NY2d 637). Military Law § 242 (4) proscribes the diminution of a public employee's employment rights by reason of the employee's absence pursuant to ordered military duty (see, Board of Educ. v Licata, 42 NY2d 815).

In his amended petition and its supporting affidavits, petitioner alleges that his employment was terminated solely because of his absence from work due to military duty. Assuming the accuracy of these allegations of fact, which we must do on a CPLR 7804 (f) and 3211 (a) (7) motion (see, Sanders v Winship, 57 NY2d 391; Holly v Pennysaver Corp., 98 AD2d 570; General Motors Acceptance Corp. v Kalkstein, 101 AD2d 102, appeal and cross appeal dismissed 63 NY2d 676), petitioner has stated a cause of action. Petitioner did not have to make an evidentiary showing in support of his amended petition in order to withstand such a motion to dismiss (see, Rovello v Orofino Realty Co., 40 NY2d 633).

We have considered respondents' remaining contention and find it to be without merit. Gibbons, J. P., Brown, Weinstein and Lawrence, JJ., concur.