■ RAM ISLAND HOMEOWNERS ASSOCIATION et al., Appellants-Respondents, v HATHAWAY REALTY et al., Respondents-Appellants. [758 NYS2d 522] —In an action, inter alia, for a permanent injunction, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated March 18, 2002, as denied their cross motion for summary judgment and granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, and the defendants cross-appeal from so much of the same order as denied those branches of their motion which were for summary judgment dismissing the second and fourth causes action.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

We agree with the plaintiffs' contention that the Supreme Court improperly applied RPAPL 2001 to the instant action. RPAPL 2001 applies when a party is seeking to remove or alter a structure that is in violation of covenants or restrictions pertaining to real property (*see* RPAPL 2001; *see also East Is. Assn. v Carbone,* 150 AD2d 422, 423 [1989]; *Rahabi v Morrison,* 81 AD2d 434 [1981]; Recommendation of Law Revision Commission to the Legislature Relating to Presumption of Release of Right to Enforce Certain Covenants Restricting Use of Land or Right of Action for Damages for Breach of Restriction, 1963 Report of NY Law Rev Commn, at 345, 346, 1963 NY Legis Doc No. 65 [K]). Since this case did not deal with such a situation, the Supreme Court erred in applying this statute to the instant case. However, contrary to the plaintiffs' contention, the court did not err in ultimately granting that branch of the defendants' motion which was for summary judgment dismissing the first cause of action.

The defendants established their entitlement to judgment as a matter of law dismissing the first cause of action seeking to enjoin the defendants from using lot No. 1 as a parking lot in alleged violation of the restrictive covenants applicable thereto (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). The burden thereafter shifted to the plaintiffs to establish the existence of a triable issue of fact requiring a trial in this regard, which they failed to do (*see Zuckerman v City of New York,* 49 NY2d 557 [1980]). Thus, the defendants were entitled to summary judgment dismissing the first cause of action.

The Supreme Court properly determined that the plaintiff Richard Demarest had individual standing and the plaintiff Ram Island Homeowners Association had organizational standing to bring suit to enjoin the defendants from allegedly violating the Zoning Ordinance of the Town of Shelter Island (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761 [1991]; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406 [1987]; *Little Joseph Realty v Town of Babylon,* 41 NY2d 738 [1977]; *Williams v Hertzwig,* 251 AD2d 655 [1998]; *see also Vitiello v City of Yonkers,* 270 AD2d 253 [2000]). Contrary to the defendants' contention, parking on lot No.1 is expressly prohibited by the relevant zoning ordinances (*see* Zoning Ordinance of Town of Shelter Island § 133-5 [C] [1]-[3]; § 133-7 [C]). However, there are questions of fact with respect to the second and fourth

causes of action as to whether parking on lot No.1 is a prior nonconforming use under the zoning code and entitled to protection (*see* Zoning Ordinance of Town of Shelter Island § 133-32; *Zuckerman v City of New York, supra*).

The parties' remaining contentions are without merit. Ritter, J.P., S. Miller, Goldstein and Schmidt, JJ., concur.