■ TOWN OF GOSHEN, Respondent, v BOSILJKA SERDAREVIC et al., Appellants. [793 NYS2d 485]—

In an action, inter alia, for a judgment declaring that a certain portion of Reservoir Road in the Town of Goshen is a town highway and to enjoin the defendants from taking any and all actions which might prevent, impede, or obstruct the Town of Goshen from undertaking an excavation and drainage project in the area in front of the defendants' property on Reservoir Road in the Town of Goshen, the defendants appeal from (1) an order of the Supreme Court, Orange County (Rosenwasser, J.), dated June 9, 2004, which, after a hearing, granted the plaintiff's motion for a preliminary injunction, and (2) an order of the same court, also dated June 9, 2004, which denied their motion for summary judgment.

Ordered that the order granting the plaintiff's motion for a preliminary injunction is modified, on the law and as a matter of discretion, by deleting the provision thereof enjoining the defendants "from taking any and all actions which might prevent, impede, or obstruct the Town from performing any actions reasonably related to the maintenance and upkeep of" the roadway and "from placing any obstructions or impediments, such as large rocks, within the bounds of the Town's prescriptive easement to" the road without the Town's consent, and substituting therefor a provision enjoining the defendants from placing any obstructions or impediments within the bounds of the roadway; as so modified, that order is affirmed; and it is further,

Ordered that the order denying the defendants' motion for summary judgment is affirmed; and it is further,

Ordered that, upon searching the record (see CPLR 3212 [b]), summary judgment is awarded to the plaintiff to the extent of enjoining the defendants from placing any obstructions or impediments within the bounds of the roadway, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring the rights of the parties and imposing a permanent injunction consistent herewith; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

This is an action for various forms of relief with respect to Reservoir Road, which passes through the defendants' property, in the Town of Goshen. Included in the relief sought are declarations that the road has become a town highway by prescription, pursuant to Highway Law § 189, that the boundaries of the road extend for 25 feet from either side of its centerline and that the Town has the right "to perform all maintenance . . . that is reasonably necessary for the proper upkeep of said

roadway and the safety of the traveling public." The plaintiff also seeks to enjoin the defendants "from taking any and all actions which might prevent, impede, or obstruct the Town from performing any actions reasonably related to the maintenance and upkeep of" the road and "from placing any obstructions or impediments, such as large rocks, within the bounds of the Town's prescriptive easement to" the road without the Town's consent.

After issue was joined, the Town moved for a preliminary injunction seeking relief identical to the injunctive relief requested in the complaint. The Supreme Court directed that a hearing be held with respect to the Town's motion and, after holding that hearing, granted the Town's motion without itself defining the precise nature of the conduct on the part of the defendants that was prohibited.

A preliminary injunction may be granted in the exercise of discretion where the moving party establishes (1) a likelihood of ultimate success on the merits, (2) that irreparable injury will occur absent a preliminary injunction, and (3) a balancing of the equities in favor of the movant (*see* CPLR 6301; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Doe v Poe*, 189 AD2d 132, 136 [1993]). Here, by granting the Town's motion without defining the conduct that would be subject to the injunction, the Supreme Court prohibited the defendants during the pendency of this action "from taking any and all actions which might prevent, impede or obstruct the Town from performing any actions reasonably related to the maintenance and upkeep of" the road and "from placing any obstructions or impediments, such as large rocks, within the bounds of the Town's prescriptive easement to" the road without the Town's consent. While it was a provident exercise of the Supreme Court's discretion to grant the injunction, the injunction should be limited to prohibiting the defendants from placing any obstructions or impediments within the bounds of the roadway.

There is no dispute that the road has become a town road by prescription, pursuant to Highway Law § 189. The Town's interest, however, is limited to the actual extent of its use (*see generally Danial v Town of Delhi*, 185 AD2d 500, 502-503 [1992]). While that interest is, by itself, sufficient to establish the Town's entitlement to maintain the roadway and to be free from the defendants' active interference (*see Town of Addison v Meeks*, 233 AD2d 843 [1996]), it does not, by itself, entitle the highway superintendent to perform the work he has proposed on the drainage system that is located on the defendants' property without either the defendants' consent or the authority of

Highway Law § 147. The defendants have not consented and the highway superintendent has failed to establish such authority here.

Highway Law § 147 permits a town highway superintendent to enter upon privately-owned lands adjoining a town highway to perform certain work necessary to the maintenance of the highway. The exercise of such power is contingent, by the terms of the statute, upon two conditions a direction by the county highway superintendent and a valid resolution of the Town Board authorizing such action. Here, there was neither.

The document purporting to constitute a direction from the county highway superintendent merely stated that "[a]s you know, Reservoir Road in the town of Goshen is not maintained by Orange County Department of Public Works." This was not sufficient to establish the requisite direction (*see* Highway Law § 147; *Andrews v Town of Pierrepont*, 62 AD2d 1092, 1092 [1978]).

The resolution of the Town Board, while clearly authorizing the action to be undertaken by the highway superintendent, was an action within the meaning of the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA), and, as such, had to be undertaken in accordance with that law. Here, it was not. Contrary to the position initially taken by the plaintiff, the addition of a drainage pipe under the road, the replacement of another with a pipe three times larger and the extension of the drainage ditches for an additional 800 to 1,200 feet along the defendants' property does not constitute "routine maintenance" so as to make the proposed measures a Type II action under SEQRA (*see* ECL 8-0101 *et seq.*; 6 NYCRR 617.5 [c] [2]). The environmental assessment form upon which the Town Board relied failed to evaluate the impact of the proposed drainage improvements on both the defendants' property and the town reservoir into which the surface runoff from the highway was to be deposited by the improved drainage system. The Town Board thus failed to take the required "hard look" at those potentially negative impacts before it acted, rendering its action invalid under SEQRA (*see Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 348 [2003]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]).

While it is possible that, after taking the required "hard look" at the potential environmental impacts of the proposed action in accordance with SEQRA, the Town may validly authorize the highway superintendent under Highway Law § 147 to enter upon the property of the defendants to make the proposed drain-

age improvements, the Town failed to do so here. Therefore, the highway superintendent's authority is limited, at this juncture, to taking such action to maintain the roadway as can be accomplished without entering upon the adjoining privately-owned lands. The Supreme Court, therefore, properly granted the injunction, but only to the extent of prohibiting the defendants from placing any obstructions or impediments within the bounds of the roadway. For the same reasons, the defendants failed to establish their entitlement to judgment as a matter of law and their motion for summary judgment was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). However, since the plaintiff established its entitlement to judgment to the extent of enjoining the defendants from placing any obstructions or impediments within the bounds of the roadway, and the defendants failed to raise a triable issue of fact in that regard, upon searching the record, summary judgment to the plaintiff to that extent is appropriate.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Orange County, for the entry of a judgment declaring the rights of the parties and imposing a permanent injunction consistent herewith (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). S. Miller, J.P., Krausman, Spolzino and Lifson, JJ., concur.