■ TOWN OF GOSHEN, Respondent, v BOSILJKA SERDAREVIC et al., Appellants. [833 NYS2d 185]—In an action, inter alia, for a judgment declaring that a certain portion of Reservoir Road in the Town of Goshen is a town highway and to enjoin the defendants from preventing, impeding, or obstructing the Town of Goshen from undertaking an excavation and drainage project on a portion of the defendants' real property on Reservoir Road in the Town of Goshen, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Orange County (Rosenwasser, J.), entered January 9, 2006, as, upon remittitur from this Court (*see Town of Goshen v Serdarevic*, 17 AD3d 576 [2005]), declared that the Town of Goshen possesses a prescriptive easement over that portion of their real property on Reservoir Road in the Town of Goshen that is "currently used" as a roadway.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the defendants' contention, the Supreme Court's declaration in the judgment upon remittal, that the Town of Goshen possesses a prescriptive easement over that portion of the defendants' real property that is "currently used" as a

roadway, conforms with our holding in the prior appeal determined by this Court (*see Town of Goshen v Serdarevic*, 17 AD3d 576 [2005]).

Consideration of the defendants' contention that the prescriptive easement should apply only to the "currently paved portion" of the subject roadway is "precluded by the law of the case doctrine, having been raised and rejected by us in [the] prior appeal of this matter" (*Matter of Independence Party State Comm. of State of N.Y. v Berman*, 28 AD3d 556, 558 [2006]). Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.