In the Matter of BOSILJKA SERDAREVIC et al., Petitioners, v TOWN OF GOSHEN et al., Respondents. [834 NYS2d 233]—

Proceeding pursuant to EDPL 207 and CPLR article 78 to review a determination of the Town Board of the Town of Goshen dated November 17, 2005, made after a public hearing, which issued a negative declaration under the State Environmental Quality Review Act (ECL art 8) in connection with the proposed condemnation and acquisition of portions of parcels of real property designated as section 15, block 1, lots 4.1, 58, and 72 on the Tax Map of the Town of Goshen for the purpose of a roadway drainage project, and authorized the acquisition.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the matter is remitted to the Town Board of the Town of Goshen for the preparation and circulation of a draft environmental impact statement in connection with the proposed condemnation and acquisition of the real property for the purpose of a roadway drainage project.

After a public hearing, the Town Board of the Town of Goshen (hereinafter the Town Board) adopted a resolution authorizing the Town to condemn portions of three parcels of land owned by the petitioners abutting Reservoir Road, for the purpose of constructing a drainage project. The project involves, inter alia, draining surface water from the paved portion of the roadway into a nearby Town reservoir, and excavation of drainage ditches on the petitioner's property alongside the roadway.

Contrary to the petitioners' contention, the notices for the public hearing sufficiently described the location of the proposed project in compliance with EDPL 202 (A) (*see Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency*, 301 AD2d 292, 302 [2002]). The petitioners' claim that notice should have been given to the Department of Agriculture and Markets was not raised during the administrative proceedings, and therefore, is not properly before us for judicial review (*see generally Matter of Dormitory Auth. of State of N.Y. [Davis]*, 223 AD2d 431 [1996]). In any event, the project will not impact

farming activities and, therefore, the Town, the Town Board, and Town Supervisor Honey Bernstein (hereinafter collectively the Town) did not violate Agriculture and Markets Law § 305 (*see* Agriculture and Markets Law § 305 [4]).

On an appeal in a related matter, however, we held that the project was an "action" within the meaning of the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]), and, as such, had to be undertaken in accordance with that law (*see Town of Goshen v Serdarevic*, 17 AD3d 576 [2005]). We also held that the environmental assessment form upon which the Town relied failed to evaluate the impact of the proposed drainage improvements on both the petitioners' property and the Town reservoir into which the surface runoff from the roadway was to be deposited by the improved drainage system. We thus concluded that the Town failed to take the required "hard look" at those potentially negative impacts (*id.*). In the proceeding currently before us, the petitioners challenge the Town's latest negative declaration, claiming that the Town has still not complied with SEQRA. We agree.

Pursuant to SEQRA, a proposed condemnor may issue a negative declaration, obviating the need to prepare and circulate an environmental impact statement (hereinafter EIS), only after it has identified the relevant areas of environmental concern, taken a "hard look" at them, and made a "reasoned elaboration of the basis for its determination" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]; *see Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 363-364 [1986]). Upon our review of the record, we find that the Town failed to satisfy its SEQRA obligations.

The petitioners submitted, to the Town, a report and testimony from their engineer, detailing how the improved hydro-capacity of the new drainage system will result in increased volume and hydro-velocity of roadway runoff into the Town reservoir which, in turn, will cause increased erosion and sedimentation of the reservoir. The petitioners also submitted proof from an arborist demonstrating that the proposed ditching alongside the roadway will fatally harm the root systems of the trees lining the roadway's edge along the petitioners' property. In contrast, the Town's declaration of nonsignificance was made without reference to any empirical or experimental data, scientific authorities, or any explanatory information, and consisted of conclusory statements (*see Matter of Tehan v Scrivani*, 97 AD2d 769, 771 [1983]). Consequently, the Town failed to "thoroughly analyze the identified relevant areas of environmental concern," such as the project's impact on the

Town reservoir and the petitioners' land, failed to provide a "reasoned elaboration," and failed to make "reference to any supporting documentation" in doing so (*see Matter of New York City Coalition to End Lead Poisoning v Vallone,* 100 NY2d 337, 347-348 [2003] [internal quotation marks omitted]; 6 NYCRR 617.7 [b] [3], [4]). Accordingly, the Town failed to fulfill its obligations under SEQRA. Thus we annul the determination, and remit the matter to the Town Board for the preparation and circulation of an appropriate draft EIS. Schmidt, J.P., Spolzino, Florio and Skelos, JJ., concur.