■ In the Matter of Land Master Montg I, LLC, et al., Respondents-Appellants, v Town of Montgomery et al., Appellants-Respondents, et al., Respondents. (Matter No. 1.) In

the Matter of ROSWIND FARMLAND CORP. et al., Respondents-Appellants, v TOWN OF MONTGOMERY et al., Appellants-Respondents, et al., Respondents. (Matter No. 2.) [863 NYS2d 692]—

In related hybrid proceedings, inter alia, pursuant to CPLR article 78 to review a resolution of the Town Board of the Town of Montgomery dated July 29, 2004, adopting a Comprehensive Plan for the Town of Montgomery, and actions, among other things, for a judgment declaring that Local Laws Nos. 4 and 5 (2004) of the Town of Montgomery are unconstitutional as exclusionary zoning, the Town of Montgomery, Town Board of the Town of Montgomery, Planning Board of the Town of Montgomery, Susan I. Cockburn, Carol Jennings, Daniel S. Dempsey, Jr., Mark W. Hoyt, Anthony Trapini, Jeffery Crist, Carl Helstrom, William Kelley, Jr., Rose Pennings, Gregory Schloemer, Harry Mills, Comprehensive Plan Special Committee of the Town of Montgomery, Richard Montemarano, John Schmoll, and Joan Elliott appeal from so much of a judgment of the Supreme Court, Orange County (Owen, J.), entered May 8, 2007, as, upon a decision of the same court dated March 28, 2007, and upon an order of the same court dated September 18, 2006, among other things, denying their cross motions for summary judgment dismissing the complaints in matter No. 1 and matter No. 2 and declaring that the Comprehensive Plan for the Town of Montgomery adopted July 29, 2004, and Local Laws Nos. 4 and 5 (2004) of the Town of Montgomery are valid and constitutional, and granting the motions of the petitioners/plaintiffs in matter No. 1 and matter No. 2 for summary judgment declaring that the Comprehensive Plan for the Town of Montgomery adopted July 29, 2004, and Local Laws Nos. 4 and 5 (2004) of the Town of Montgomery are null and void, declared, among other things, that the Comprehensive Plan for the Town of Montgomery adopted July 29, 2004, and Local Laws Nos. 4 and 5 (2004) are null and void and unconstitutional as exclusionary zoning, granted the petitions, annulled the resolution dated

July 29, 2004, for failure to comply with the State Environmental Quality Review Act, reinstated the petitioners/plaintiffs' land-use applications, directed the Planning Board of the Town of Montgomery to review those land-use applications subject to the zoning laws in effect prior to July 29, 2004, and awarded the petitioners/plaintiffs an attorney's fee in the principal sum of $463,162.74, and the petitioners/plaintiffs cross-appeal from so much of the judgment, as, upon so much of the order as granted those branches of the cross motions which were for summary judgment dismissing the causes of action to recover damages for the deprivation of rights secured by the federal and state constitutions, the Federal Housing Act, and the General Municipal Law, is in favor of the Town of Montgomery, Town Board of the Town of Montgomery, Planning Board of the Town of Montgomery, Susan I. Cockburn, Carol Jennings, Daniel S. Dempsey, Jr., Mark W. Hoyt, Anthony Trapini, Jeffery Crist, Carl Helstrom, William Kelley, Jr., Rose Pennings, Gregory Schloemer, Harry Mills, Comprehensive Plan Special Committee of the Town of Montgomery, Jeffrey Crist, Richard Montemarano, John Schmoll, and Joan Elliott, and against them dismissing those causes of action. The notice of appeal and the notice of cross appeal from the order are deemed to also be a notice of appeal and a notice of cross appeal from the judgment, respectively (see CPLR 5501 [c]).

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal and cross appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceedings and actions (see Matter of Aho, 39 NY2d 241, 248 [1976]; Matter of Land Master Montg I, LLC v Town of Montgomery, 54 AD3d 407 [2008] [decided herewith]).

The petitioners/plaintiffs established their entitlement to judgment as a matter of law as to their causes of action seeking a declaration that the Comprehensive Plan for the Town of Montgomery adopted July 29, 2004 (hereinafter the Comprehensive Plan), and Local Laws Nos. 4 and 5 (2004) of the Town of Montgomery (hereinafter the Local Laws) are unconstitutional by submitting evidence demonstrating that new zoning restrictions, enacted pursuant to the Comprehensive Plan and the Local Laws, which eliminated the multifamily (RM-1) zoning district, constituted exclusionary zoning (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see also Berenson v Town of New Castle, 38 NY2d 102, 110 [1975]; Continental Bldg. Co. v Town of N. Salem, 211 AD2d 88 [1995]; Fresh Meadow

*Country Club v Village of Lake Success*, 158 AD2d 581, 582 [1990]; *Blitz v Town of New Castle*, 94 AD2d 92, 94-96 [1983]; *Berenson v Town of New Castle*, 67 AD2d 506 [1979]). Since, in response, the respondents/defendants failed to raise a triable issue of fact with respect to whether or not the challenged zoning was enacted without giving proper regard to local and regional housing needs and that it has an exclusionary effect (*see Robert E. Kurzius, Inc. v Incorporated Vil. of Upper Brookville*, 51 NY2d 338, 344 [1980], *cert denied* 450 US 1042 [1981]), summary judgment was properly awarded to the petitioners/plaintiffs on their cause of action based upon allegations of exclusionary zoning.

Furthermore, the Supreme Court correctly annulled the resolution of the Town Board of the Town of Montgomery (hereinafter the Town Board) approving the Comprehensive Plan and the Local Laws, as violative of the State Environment Quality Review Act (ECL art 8 [hereinafter SEQRA]). The adoption of a comprehensive plan and related zoning laws is a "Type I Action" pursuant to SEQRA, thus presumptively having a significant effect on the environment (*see* 6 NYCRR 617.2 [a]; 617.4 [b] [1]; *Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74, 78 [2007]). The Town Board's determination that the adoption of the Comprehensive Plan and the Local Laws would not have a significant effect on the environment, and that it could thus forego the preparation and circulation of an environmental impact statement, was based on its failure to take the requisite hard look at anticipated environmental impacts, and was thus arbitrary and capricious and affected by an error of law (*see* CPLR 7803 [3]; *Chinese Staff & Workers Assn. v City of New York*, 68 NY2d 359, 363-364 [1986]; *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 416-417 [1986]).

However, on their cross motions for summary judgment dismissing the remaining causes of action in the complaints, the respondents/defendants met their burden of establishing their entitlement to judgment as a matter of law on the causes of action to recover damages for, inter alia, alleged violations of rights secured by the federal and state constitutions, the Federal Housing Act, and the General Municipal Law, and the petitioners/plaintiffs failed to raise a triable issue of fact in opposition. Accordingly, the court properly dismissed the petitioners/plaintiffs' remaining causes of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The parties' remaining contentions are without merit. Mastro, J.P., Spolzino, Dickerson and Leventhal, JJ., concur.