▮ In the Matter of TROY SAND & GRAVEL COMPANY, INC., et al., Respondents, v TOWN OF NASSAU et al., Appellants. [918 NYS2d 667]——

Mercure, J.P.

In 2004, petitioner Troy Sand & Gravel Company, Inc. submitted applications to respondent Town of Nassau for a special use permit and site plan approval in connection with a quarry that it proposed to open on land owned by petitioner Henkel Realty Associates, LLC in Rensselaer County. After passing successive moratoria on new mining applications, respondent Town Board of the Town of Nassau passed an extensive 2008 zoning law that, among other things, permanently banned commercial excavation. The Town Board also adopted a comprehensive plan pursuant to Town Law § 272-a, setting forth the Town's long-term land use goals and policies.

Petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment asserting numerous claims based upon respondents' alleged bad faith in seeking to prevent the operation of the proposed quarry. As detailed in our prior decision in this matter, the article 78 claims were submitted for judgment, and discovery commenced on the remaining claims (80 AD3d 199 [2010]). Supreme Court ruled in petitioners' favor on their seventh, eighth and fifteenth causes of action, and annulled the comprehensive plan and Local Law No. 1 (2008) of Town of Nassau. The court determined that the Town Board violated Town Law § 272-a when adopting the comprehensive plan and failed to follow the requirements of the State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]) when approving both the comprehensive plan and the zoning law. Respondents appeal, and we now affirm.

Initially, we reject respondents' argument that Supreme Court erred in determining that they failed to comply with SEQRA in adopting the comprehensive plan and enacting the zoning law. Pursuant to SEQRA, an environmental impact statement (hereinafter EIS) "must be prepared regarding any action that 'may have a significant effect on the environment' " (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 415 [1986], quoting ECL 8-0109 [2]). A type I action, such as the adoption of zoning regulations or a comprehensive land use plan, "carries with it the presumption that it is likely to have a significant adverse impact on the environment" (6 NYCRR 617.4 [a] [1]; *see Matter of Land Master Montg I, LLC v Town of Montgomery*, 54 AD3d 408, 411 [2008], *lv dismissed* 11 NY3d 864 [2008]). Nevertheless, a lead agency may issue a negative declaration obviating the EIS requirement even for type I actions if the agency "determine[s] either that there will be no adverse environmental impacts or that the identified adverse environmental impacts will not be significant" (6 NYCRR 617.7 [a] [2]; *see Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 347 [2003]). Our review of an agency's determination to issue a negative declaration is limited "to 'whether the agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination' " (*Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d at 348, quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d at 417). If the agency has failed to take the required hard look or set forth a reasoned elaboration for its determination, its action will be annulled as arbitrary and capricious (*see e.g. Matter of Merson v McNally*, 90 NY2d 742, 752 [1997]).

Here, respondents concede that the record does not contain a "formal" reasoned elaboration. A review of the record indicates that the only express reasoning set forth for the negative declaration is found in the full environmental assessment form; respondents checked a box indicating that "[t]he project will not result in any large and important impact(s) and, therefore, is one which will not have a significant impact on the environment, [and] a negative declaration will be prepared" (emphasis omitted). While respondents argue that Supreme Court elevated form over substance in annulling the comprehensive plan and zoning law for lack of a reasoned elaboration regarding the negative declaration determination, it is settled that strict compliance with SEQRA is required (*see Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d at 348). The comprehensive plan and zoning law very well may, as respondents assert, represent the considered, thorough product of a long and deliberative legislative process. A record evincing an extensive legislative process, however, is neither a substitute for strict compliance with SEQRA's reasoned elaboration requirement nor sufficient to prevent annulment (*see id.* at 349-350). Accordingly, given the absence of a reasoned elaboration for the negative declaration, we conclude that Supreme Court properly annulled both the comprehensive plan and zoning law (*see Matter of Shannon v Village of Rouses Point Zoning Bd. of Appeals*, 72 AD3d 1175, 1177 [2010]; *Matter of Bauer v County of Tompkins*, 57 AD3d 1151, 1152-1153 [2008]; *State of New York v Town of Horicon*, 46 AD3d 1287, 1290 [2007]; *see also Matter of Land Master Montg I, LLC v Town of Montgomery*, 54 AD3d at 411).

Finally, we agree with Supreme Court that respondents' failure to abide by the requirements of Town Law § 272-a further requires nullification of the comprehensive plan. Respondents do not dispute that the proposed comprehensive plan was not made available to the public for 10 days prior to a public hearing on the plan before the "special board" appointed to prepare it; nor do they dispute that the special board failed to duly adopt a resolution recommending the proposed plan to the Town Board (*see* Town Law § 272-a [4], [6] [c]). Rather, they argue that the provisions of Town Law § 272-a regarding the activity of a special board are merely advisory. Inasmuch as this argument conflicts with the plain language of the statute setting forth mandatory procedures to be followed in the event that a special board is appointed, Supreme Court properly rejected respondents' contentions in this regard.

Rose, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed, with costs.