In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Planning Board of the City of Poughkeepsie dated April 19, 2011, issuing a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8) regarding the application of Thomas LaPerch for site plan approval to construct multi-family housing, the Plan *894 ning Board of the City of Poughkeepsie appeals from so much of an order of the Supreme Court, Dutchess County (Brands, J.), dated March 5, 2012, as denied its motion to dismiss the petition on the grounds that the petitioner lacked standing and that the petition failed to state a cause of action.
Ordered that on the Court’s own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
Ordered that the order is affirmed insofar as appealed from, with costs.
Thomas LaPerch is a developer who seeks to build a condominium complex on land adjacent to a historic district in the City of Poughkeepsie. The City’s Planning Board (hereinafter the Planning Board) issued a negative declaration (see 6 NYCRR 617.7 [a] [2]; Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 82 AD3d 1377, 1378 [2011]) with respect to LaPerch’s site plan application pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]).
The Historic Southside Neighborhood Association (hereinafter the Association), which is dedicated to, inter alia, preserving the character of the City’s historic neighborhoods, opposed the issuance of the negative declaration. Through its president, the Association sued the Planning Board, LaPerch, and Steven Reifler, the owner of the property to be developed, alleging, among other things, that the negative declaration was issued in violation of SEQRA because the Planning Board took various procedural shortcuts and failed to assess relevant environmental concerns.
The Planning Board moved to dismiss the petition on the grounds that the Association lacked standing and that the petition failed to state a cause of action. The Supreme Court, inter alia, denied the motion.
The Supreme Court properly determined that the Association has standing to contest the Planning Board’s issuance of the negative declaration. An association or organization has standing when “one or more of its members would have standing to sue,” “the interests it asserts are germane to its purposes,” arid “neither the asserted claim nor the appropriate relief requires the participation of the individual members” (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 775 [1991]; see Matter of Dental Socy. of State of N.Y. v Carey, 61 NY2d 330, 333-334 [1984]). Here, as the Planning Board concedes in its reply brief, several Association members have standing to sue, as their properties are adjacent to the proposed project site and they have alleged potential structural harm
*895 from construction-related blasting, as well as visual harm (see Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d 979, 982 [2007]; Matter of Ziemba v City of Troy, 37 AD3d 68, 71 [2006]; Matter of Chu v New York State Urban Dev. Corp., 13 Misc 3d 1229[A], 2006 NY Slip Op 52055[U] [2006], affd 47 AD3d 542 [2008]). Moreover, the interests that the Association asserts are germane to its purpose, and the participation of Association members is not necessary in order for the Association to obtain the relief it seeks. Accordingly, the Association satisfied all relevant criteria to establish standing (see Matter of Ziemba v City of Troy, 37 AD3d at 72; Ram Is. Homeowners Assn. v Hathaway Realty, 305 AD2d 390, 391 [2003]), and the Planning Board’s contentions to the contrary are without merit.
“On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7) and 7804 (f), all of the allegations in the pleading are deemed true and afforded the benefit of every favorable inference” (Wells Fargo Bank, N.A. v Mastromarino, 98 AD3d 662, 662-663 [2012]; see Hogan v New York State Off. of Mental Health, 115 AD2d 638, 639 [1985]). Contrary to the Planning Board’s contention, the Supreme Court properly concluded that the petition stated a cause of action. Accepting as true all of the allegations in the petition and supporting affidavits, the petition alleges that the Planning Board failed to fulfill SEQRA’s mandate to take a “hard look” at the relevant areas of environmental concern and “set forth a reasoned elaboration for its determination” to issue the negative declaration, and acted in violation of lawful procedure by, inter alia, bypassing the City’s Historic District and Landmark Preservation Commission (see Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 82 AD3d at 1378-1379 [internal quotation marks omitted]; Matter of Serdarevic v Town of Goshen, 39 AD3d 552, 554-555 [2007]; Matter of Pyramid Co. of Watertown v Planning Bd. of Town of Watertown, 24 AD3d 1312, 1313-1315 [2005]; see also CPLR 7803 [3]). The evidentiary materials submitted by the Planning Board in support of its motion do not warrant a contrary conclusion.
Skelos, J.P, Dillon, Roman and Maltese, JJ., concur.