Matter of Peterson v Planning Bd. of the City of Poughkeepsie (2018 NY Slip Op 05049)





Matter of Peterson v Planning Bd. of the City of Poughkeepsie


2018 NY Slip Op 05049


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2015-10714
 (Index No. 3501/11)

[*1]In the Matter of Jeanette Peterson, etc., appellant,
v
Planning Board of the City of Poughkeepsie, et al., respondents. Steven Habiague, Poughquag, NY, for appellant.


Stenger, Roberts, Davis & Diamond, LLP, Wappingers Falls, NY (Scott L. Volkman and Darren H. Fairlie of counsel), for respondent Planning Board of the City of Poughkeepsie.
Steven Reifler, Poughkeepsie, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Planning Board of the City of Poughkeepsie dated April 19, 2001, issuing a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8) regarding the application of Thomas LaPerch for site plan approval to construct multi-family housing, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (James V. Brands, J.), dated September 2, 2015. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the Planning Board of the City of Poughkeepsie for the preparation of an Environmental Impact Statement and further proceedings consistent with the State Environmental Quality Review Act as it deems appropriate.
Thomas LaPerch is a developer who seeks to build a condominium complex on land adjacent to the Dwight Street Historic District in the City of Poughkeepsie. The City's Planning Board (hereinafter the Planning Board) issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) with respect to LaPerch's application for site plan approval. The Planning Board found that the proposed development would not have a significant impact on the environment. The Historic Southside Neighborhood Association (hereinafter the Association), which is dedicated to, inter alia, preserving the character of the City's historic neighborhoods, opposed the issuance of the negative declaration. Through its president, the Association commenced this proceeding pursuant to CPLR article 78 to review the Planning Board's determination, alleging, among other things, that the negative declaration was issued in violation of SEQRA because the Planning Board took various procedural shortcuts and failed to assess relevant environmental concerns. The Supreme Court denied the petition and dismissed the proceeding. The Association appeals. We reverse.
The Supreme Court should not have denied the petition and dismissed the proceeding. [*2]Judicial review of an agency determination under SEQRA is limited to determining whether the challenged determination was affected by an error of law, or was arbitrary and capricious, an abuse of discretion, or the product of a violation of lawful procedure (see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416; Matter of St. James Antiochian Orthodox Church v Town of Hyde Park Planning Bd., 132 AD3d 687, 687; Matter of Save Open Space v Planning Bd. of the Town of Newburgh, 74 AD3d 1350, 1352; Matter of East End Prop. Co. #1, LLC v Kessel, 46 AD3d 817, 820). Courts may review the record to determine whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination (see Matter of Chinese Staff & Workers' Assn. v Burden, 19 NY3d 922, 924; Akpan v Koch, 75 NY2d 561, 570; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 417). " [I]t is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively'" (Matter of Halperin v City of New Rochelle, 24 AD3d 768, 776, quoting Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d at 416).
Here, the full Environmental Assessment Form (hereinafter EAF) prepared by the project sponsor indicated that the proposed action would affect, among other things, aesthetic and historic resources and the character of the existing community, and that the parcel's forestation would be reduced from 2.75 acres to .30 acres. In issuing its negative declaration, the Planning Board listed approximately 29 reasons supporting its determination. The Planning Board noted that the project would not significantly impact the adjacent Dwight Street-Hooker Avenue Historic District (hereinafter the historic district). However, in making that determination, the Planning Board merely relied upon a letter from the New York State Office of Parks, Recreations and Historic Preservation, which stated only that the proposed action would not have an adverse impact on the historic district. Such a conclusory statement fails to fulfill the reasoned elaboration requirement of SEQRA (see Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 82 AD3d 1377; Matter of Serdarevic v Town of Goshen, 39 AD3d 552, 554-555; Matter of Pyramid Co. of Watertown v Planning Bd. of Town of Watertown, 24 AD3d 1312, 1314-1315).
With regard to the impact on vegetation or fauna, the EAF contemplates the reduction of the 3.4-acre parcel's forestation from 2.75 acres to .30 acres. However, the negative declaration inexplicably stated that "[t]he proposed action will not result in the removal or destruction of large quantities of vegetation or fauna." In the context of this project, the level of deforestation is significant.
In light of the foregoing, it is clear that the proposed action may have significant adverse environmental impacts upon one or more areas of environmental concern (see 6 NYCRR 617.7[a]). Thus, the Planning Board's issuance of a negative declaration was arbitrary and capricious. Accordingly, the matter must be remitted to the Planning Board so that an Environmental Impact Statement may be prepared (see Matter of West Branch Conservation Assn. v Planning Bd. of Town of Clarkstown, 207 AD2d 837, 841; Matter of Holmes v Brookhaven Town Planning Bd., 137 AD2d 601, 604).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court