■ In the Matter of ARTHUR KABINOFF, Appellant, v VILLAGE OF HARRIMAN PLANNING BOARD, Respondent.—In a proceeding pursuant to CPLR article 78 to review a decision of the Planning Board of the Village of Harriman which denied the petitioner's application for a special use permit, the petitioner appeals from so much of an order of the Supreme Court, Orange County (Cowhey, J.), dated September 14, 1987, as remitted the application to the Planning Board for review consistent with Village of Harriman Zoning Ordinance article 5.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as on application for leave to appeal, said application is referred to Justice Kunzeman, and leave to appeal is granted by Justice Kunzeman (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

We reject the petitioner's contention that he was entitled to have his application for a special use permit deemed approved, because the respondent Planning Board failed to comply with the procedures set forth in the applicable Zoning Ordinance in considering his application.

The Village of Harriman Zoning Ordinance then in effect, required the Planning Board to hold a public hearing within 30 days of receipt of the petitioner's application. Only if the Planning Board failed to take action within 45 days of the public meeting, would such failure to act be deemed to constitute approval of the application *(see,* Village of Harriman Zoning Ordinance art 5).

At bar, the Planning Board failed to take any action on the petitioner's application after erroneously advising the petitioner that his application was improper. Consequently, the petitioner's application was never fully reviewed, nor did the necessary publication and public meeting occur. Therefore, we conclude that the Supreme Court correctly remitted the application to the Planning Board for further review consistent with Village of Harriman Zoning Ordinance article 5. The Planning Board must determine whether the standards contained in the Zoning Ordinance have been met by the petitioner's proposal *(see, Sherman v Frazier,* 84 AD2d 401).

There is no statute authorizing constructive approval of an application for a special use permit under these circum-

stances. The above-mentioned, statutorily prescribed 45-day period does not begin to run until after the public meeting has been held. Under the circumstances, the Planning Board should not be stripped of its authority to ensure that the guiding principles and standards of its Zoning Ordinance are enforced. Moreover, the public is entitled to an opportunity to be heard on the petitioner's proposal at the mandatory public meeting (Village of Harriman Zoning Ordinance art 5). Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.