■ In the Matter of BRUNO BIONDI et al., Respondents-Appellants, v JOHN ROCCO et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Planning Board of the Town of Orangetown dated June 25, 1989, which, in effect, denied the petitioners' application for site plan approval, the appeal is from so much of a judgment of the Supreme Court, Westchester County (Carey, J.), entered October 10, 1989, as annulled the determination and directed the Planning Board of the Town of Orangetown to approve the petitioners' site plan, and the petitioners cross-appeal from so much of the judgment as failed to hold that the failure of the Planning Board of the Town of Orangetown to act within 45 days resulted in approval of the site plan by operation of law.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as cross appealed from, on the law, without costs or disbursements, the provision thereof which directed the Planning Board of the Town of Orangetown to approve the site plan is deleted, and a provision that the application was approved by operation of law, after the Planning Board of the Town or Orangetown failed to render a decision in 45 days, is substituted therefor.

After their initial application to develop two plots of land (Tax Lot 1.2 and Tax Lot 29) in the Town of Orangetown, Rockland County, was denied in a decision dated November 9, 1988, the petitioners conformed their shopping mall plans to the requirements specified in the decision dated November 9, 1988, and reapplied for site plan approval. A hearing on the new application was held on March 22, 1989.

In a "Memorandum" dated March 22, 1989, the Planning Board notified the petitioners that the plan as submitted was "UNACCEPTABLE" on four grounds: (1) the entrance needed widening to 25 feet, which could be accomplished by reducing the size of the proposed building, (2) the number of parking spaces had to be reduced to reflect the smaller building size, (3) the size of the buffer between the mall and adjoining residences had to be increased, and (4) a "definitive legal opinion from the Town Attorney [had to] be obtained relative to the applicant's right to develop the residential lot". This last reservation stemmed from an entry on the plat map of adjoining Tax Lot 28, filed in 1975 when Lots 28 and 29 were held by different owners, that Lot 29 was to be "transferred to the abutting property owner to the east * * * and is not to be developed". The Planning Board's "Memorandum" was filed in the office of the Town Clerk of the Town of Orangetown on or about March 27, 1989.

The petitioners complied with the first three requirements, and made frequent inquiries as to the Town Attorney's progress with his "definitive legal opinion," which was never issued. At length, the petitioners commenced the instant CPLR article 78 proceeding, following which, in response to a written inquiry by the court, the Deputy Town Attorney declared in a letter dated July 25, 1989, that Lot 29 could not be developed because of the restriction appearing on the plat map filed for adjoining Lot 28. The Supreme Court concluded that although the Planning Board's "decision" had not become "final" until the Deputy Town Attorney delivered this "defini-

tive legal opinion" on July 25, 1989, it nonetheless decided that approval of the petitioners' application was not automatic after the expiration of 45 days from the hearing held on March 22, 1989, pursuant to Town Law § 274-a and Town of Orangetown Code § 21A-14 (A) and (B), because the delay was caused not by the Planning Board itself but by the Deputy Town Attorney.

Town of Orangetown Code § 21A-14 (A) and (B) provide that within 45 days after a hearing on a site development plan, the Planning Board "shall decide the same", unless the time to render its decision has been "extended by mutual consent of the applicant and the Planning Board". "Failure to render such decision shall be considered an approval of the site development plan".

In construing comparable statutes *(e.g.,* Town Law § 276), courts have ruled that planning boards are strictly governed by their empowering statutes. If, as in the case at bar, the limitation period runs with no "action" being taken as contemplated by the controlling legislation, and no extension of time being agreed upon, a default has occurred and approval of the application is automatic *(cf., Matter of King v Chmielewski,* 76 NY2d 182, 187-188; *Matter of Sun Beach Real Estate Dev. Corp. v Anderson,* 98 AD2d 367, 369, *affd* 62 NY2d 965; *Matter of Pospisil v Anderson,* 136 Misc 2d 346, 358). It makes no difference which branch of the municipal government is responsible for the delay. The purpose of the legislation would be subverted if a planning board could blame the Town Attorney, a clerk or a secretary for its inordinate delay in issuing a decision, and so undermine the legislative intent.

Therefore, the petitioners' site plan entitled "Site Plan of Tappan Stores" was approved by operation of law, and the judgment has been modified accordingly. Thompson, J. P., Eiber, Miller and Ritter, JJ., concur.