OPINION OF THE COURT
Howard Miller, J.
Motion by plaintiff is denied and cross motion by defendant, for summary judgment, is granted. Defendant is entitled to judgment dismissing the complaint and declaring that Village Law § 7-725-a (7) (now [8]) does not provide for site plan approval by default, and that plaintiffs application for site plan approval was not deemed granted by operation of law.
Plaintiff alleges it was granted preliminary site plan approval by defendant on March 6, 1995 (although defendant disputes that fact). Plaintiff thereafter wrote to defendant on August 1, 1995 seeking final site plan approval. No decision was rendered by defendant within 62 days of August 1, 1995. Plaintiff commenced this action for a declaratory judgment, alleging that plaintiffs application for final site plan approval *491 was "automatically granted by operation of Village Law § 7-725 (a) (7).”
Defendant raises five affirmative defenses: (1) Village Law § 7-725-a (7) does not provide for site plan approval by default; (2) improper form of proceeding; (3) failure to comply with CPLR 3017; (4) failure to comply with the Village of Nyack Code; and (5) failure to submit a proper site plan application.
Defendant is correct that Village Law § 7-725-a (7), unlike Village Law § 7-728, and Town Law § 276 (8), relating to subdivision approval, fails to include a provision for default approval of a final site plan. The failure of the Legislature to include such a provision is a strong indication that such exclusion was intended (People v Finnegan, 85 NY2d 53, citing People v Tychanski, 78 NY2d 909, and other cases), particularly where, as here, all three laws were amended simultaneously by chapter 486 of the Laws of 1994, and the provisions relating to default approvals were continued in Village Law § 7-728 and Town Law § 276 (8), but omitted in Village Law § 7-725-a. Any alleged noncompliance by defendant with the provisions of Village Law § 7-725-a must be addressed within the context of a special proceeding to compel the Planning Board to act (see, Rice, Practice Commentaries, McKinney’s Cons Laws of NY, Book 63, Village Law § 7-725-a, at 53).
Plaintiff’s reliance on Matter of Biondi v Rocco (173 AD2d 700) is misplaced, since the holding in that case rested upon provisions of the Town of Orangetown Code, which specifically provided that "Failure to render a decision shall be considered an approval of the site development plan”, and not upon Village Law § 7-725-a. Nor is the unreported case of Adler v Planning Bd. of Town of Ramapo (John Carey, J.) controlling, since the judgment granted in that case was granted "unless respondents file and serve an answer on the merits” on or before August 24, 1992. It is unknown whether any answer was ever filed. In any event, Judge Carey’s decision was rendered July 21, 1992, prior to the enactment of chapter 486 of the Laws of 1994.
In view of the foregoing, the remaining defenses raised by defendant are not addressed.