■ NYACK HOSPITAL, Appellant, v VILLAGE OF NYACK PLAN-NING BOARD, Respondent. [647 NYS2d 799] —In an action for a judgment declaring that the plaintiff's final site plan application was automatically approved, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Miller, J.), dated April 1, 1996, which, upon an order of the same court, dated March 14, 1996, denying its motion for summary judgment and granting the defendant's cross motion for summary judgment, declared that the plaintiff's final site plan application was not automatically approved.

Ordered that the judgment is affirmed, with costs.

The plaintiff alleged that it submitted an application for site plan approval to the defendant and that the defendant thereafter granted preliminary site plan approval. The plaintiff alleged that it then applied for final site plan approval. When the defendant did not render a decision on the application within 62 days of the date it applied for final approval, the plaintiff commenced this action for a judgment declaring that its application for final site plan approval was automatically granted by operation of Village Law § 7-725-a (8).

We agree with the Supreme Court that the lack of an approval-by-default provision in either Village Law § 7-725-a (8) (Village Law § 7-725-a [formerly (7)]) or Town Law § 274-a (8), which govern site plan approval, while default provisions are included in Village Law § 7-728 (8) and Town Law § 276 (8), which govern subdivision approval, compels the conclusion that the defendant's alleged failure to render a determination within 62 days of the submission of the request for final site plan approval does not result in automatic approval under Village Law § 7-725-a (8). The failure of the Legislature to include an approval-by-default provision in the site plan statutes is a strong indication that such exclusion was intended *(see,* Mc-Kinney's Cons Laws of NY, Book 1, Statutes § 74; *Pajak v Pajak,* 56 NY2d 394, 397; *People v Finnegan,* 85 NY2d 53), particularly where, as here, all four of the previously mentioned laws were amended simultaneously by chapter 486 of the Laws of 1994, and the provision relating to default ap-

proval was continued in Village Law § 7-728 and Town Law § 276 (8), while no such provision was added to either Village Law § 7-725-a or Town Law § 274-a. Any alleged noncompliance by the defendant with the statutory time provisions of Village Law § 7-725-a must be addressed within the context of a special proceeding to compel the defendant to act *(see,* Rice, Practice Commentaries, McKinney's Cons Laws of NY, Book 63, Village Law § 7-725-a, at 53).

The plaintiff's contention that *Matter of Biondi v Rocco* (173 AD2d 700) requires a contrary conclusion is without merit, since the holding in that case rested upon Town of Orangetown Code § 21A-14, which specifically provided that "failure to render [a] decision shall be considered an approval of the site development plan", and not upon Village Law § 7-725-a. Section 59-41 of the Code of the Village of Nyack, governing approval of site development plans, does not contain a default provision.

In view of the foregoing, we have not reached the parties' remaining contentions. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.