■ In the Matter of TINKER STREET CINEMA, Appellant, v TOWN OF WOODSTOCK PLANNING BOARD, Respondent. [681 NYS2d

907] —Mikoll, J. Appeal from an amended judgment of the Supreme Court (Graffeo, J.), entered September 19, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent regarding petitioner's request for approval of a final site plan.

Petitioner, the operator of a single-screen movie theater in the Town of Woodstock, Ulster County, filed a site plan application seeking approval for the addition of a second movie screen on the existing premises and the expansion of its parking lot. In this CPLR article 78 proceeding, petitioner sought a declaration that the site plan application was approved by default based upon respondent's failure to render a decision thereon within the periods prescribed by Town Law § 274-a and Town of Woodstock Zoning Law § VII F. Supreme Court denied the petition, finding that the application was never complete so as to trigger the running of the applicable time periods. Petitioner appeals.

We first address petitioner's application for relief pursuant to Town Law § 274-a requiring that a public hearing be held on site plan applications within 62 days of the receipt of such application, and a decision thereon within 62 days of such hearing. Assuming, arguendo, that petitioner's application was complete, that section does not permit approval by default; rather, the appropriate remedy in such a case is a special proceeding to compel a decision (*see, Matter of AHEPA 91 v Town of Lancaster*, 237 AD2d 978, 979; *Nyack Hosp. v Village of Nyack Planning Bd.*, 231 AD2d 617, 618).

We next consider the applicability of Town of Woodstock Zoning Law § VII F, which provides that a site plan application shall be considered approved if no decision thereon is rendered within 45 days of receipt of the completed application. Petitioner's application, including a short-form environmental assessment form, was submitted to respondent on June 11, 1996. At meetings held in July 1996 and August 1996, petitioner and respondent discussed and agreed to various modifications to the site plan arising out of respondent's concerns with the impact of the proposed expansion on parking and traffic. A public hearing on the application was held on October 3, 1996, at which time it was determined that a draft environmental impact statement (hereinafter DEIS) was necessary.

At the next public hearing on November 7, 1996, petitioner submitted a DEIS and respondent declared itself the lead agency for purposes of the requisite environmental impact

review. Petitioner was directed to file a revised site plan addressing concerns raised at the public hearings over increased parking and traffic flow. On December 19, 1996, with petitioner's revised site plan before it, respondent voted to withhold decision thereon pending petitioner's submission of a traffic impact study and a $1,500 deposit to fund an engineering review. Additionally, respondent noted that the Department of Transportation had rescinded a curb cut permit previously issued to petitioner and that no action on the application would be taken until the permit was reissued. When petitioner neither submitted the required traffic impact study nor tendered the $1,500 deposit by the next meeting on January 2, 1997, the application was subsequently stricken from respondent's agenda.

On the basis of the foregoing, we agree with Supreme Court's finding that petitioner's application was never complete so as to trigger application of Town of Woodstock Zoning Law § VII F. "An application * * * upon which a draft environmental impact statement is determined to be required shall not be complete until such draft statement has been filed and accepted by the agency as satisfactory with respect to scope, content and adequacy" (ECL 8-0109 [5]; *see also*, *Matter of Sun Beach Real Estate Dev. Corp. v Anderson*, 98 AD2d 367, *affd on opn below* 62 NY2d 965). Petitioner's draft statement, filed on November 7, 1997, was determined to be inadequate and further studies were required by respondent. Although petitioner legitimately complains of respondent's failure to adhere to the time periods specified for the SEQRA review process, e.g., its failure to make a declaration of environmental significance within 20 days of receipt of petitioner's application as required by 6 NYCRR 617.6 (b) (1) (ii), these deviations do not entitle petitioner to default relief.

As we have previously held, an agency's failure to make a timely declaration of environmental significance does not result in a de facto negative declaration (*see*, *Matter of Seaboard Contr. & Material v Department of Envtl. Conservation,*, 132 AD2d 105). "[T]he overriding purpose of SEQRA is to assure that the decision maker has considered pertinent environmental information before making a decision" (*Matter of Seymour v County of Saratoga*, 190 AD2d 276, 279). Reasonable delays will be countenanced where it appears that they were caused by the agency's acquisition or review of information necessary to an initial determination of environmental significance (*see*, *Matter of Tehan v Scrivani*, 97 AD2d 769). Here, respondent identified the parking and traffic issues at a very early stage of

its review of petitioner's application and, during the ensuing months, discussed revisions relevant to these issues with petitioner. That this process culminated in the determination that a DEIS, and not a negative declaration, was in order does not bear upon the fact that petitioner's application was not complete until its DEIS was accepted by respondent.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the amended judgment is affirmed, without costs.