■ In the Matter of JUL-BET ENTERPRISES, LLC, Appellant, v TOWN BOARD OF TOWN OF RIVERHEAD et al., Respondents. [852 NYS2d 242]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated December 21, 2005, which rejected a draft environmental impact statement submitted by the petitioner in connection with an application to develop a commercial center, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Pitts, J.), entered October 20, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In a proceeding pursuant to CPLR article 78 to review the determination of a municipality, " 'a court may not substitute its judgment for that of the board or body it reviews unless the decision under review is arbitrary and unreasonable and constitutes an abuse of discretion' " (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974], quoting *Matter of Diocese of Rochester v Planning Bd. of Town of Brighton*, 1 NY2d 508, 520 [1956]). Here, the respondents' determination to reject the draft environmental impact statement (hereinafter the DEIS) submitted by the petitioner in connection with an application to develop a commercial center on a 43-acre parcel of land had a rational basis, and was not arbitrary and capricious (*see* CPLR 7803 [3]).

When a zoning law has been amended following submission of an application, but before a decision is rendered thereon by the reviewing agency, the courts are bound to apply the law as amended (*see Matter of Cleary v Bibbo*, 241 AD2d 887, 888 [1997]; *Matter of Bibeau v Village Clerk of Vil. of Tuxedo Park*, 145 AD2d 478, 479 [1988]). In this case, there are no special facts which would warrant an exception to this rule (*see Town of Orangetown v Magee*, 88 NY2d 41, 48 [1996]; *Matter of*

*Paintball Sports v Pierpont*, 284 AD2d 537, 539 [2001]). Moreover, contrary to the petitioner's contention, it does not have vested rights in the planned development (*see Matter of Calverton Indus. v Town of Riverhead*, 278 AD2d 319, 320 [2000]; *Matter of Berman v Warshavsky*, 256 AD2d 334 [1998]).

In addition, in the absence of an "approval-by-default" provision in 6 NYCRR 617.9 (a) (2), the respondents' failure to render a determination within 45 days of the DEIS submission did not result in its automatic acceptance (*see Matter of Tinker St. Cinema v Town of Woodstock Planning Bd.*, 256 AD2d 970, 972 [1998]; *AHEPA 91 v Town of Lancaster*, 237 AD2d 978, 979 [1997]; *Nyack Hosp. v Village of Nyack Planning Bd.*, 231 AD2d 617 [1996]; *cf. Matter of King v Chmielewski*, 76 NY2d 182, 187-188 [1990]; *Matter of Biondi v Rocco*, 173 AD2d 700 [1991]). Rivera, J.P., Ritter, Dillon and Carni, JJ., concur.