TOWN OF KIRKWOOD, Respondent, v DOUGLAS RITTER et al., Appellants. [915 NYS2d 683]—

McCarthy, J. Appeals (1) from an order of the Supreme Court (Rumsey, J.), entered July 17, 2009 in Broome County, which, among other things, partially granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered November 23, 2009 in Broome County, which denied defendants' motion for reconsideration.

Following a 2006 flood, plaintiff notified defendants that a structure on their property in the Town of Kirkwood, Broome County had been substantially damaged, meaning the cost of repair would equal or exceed 50% of the preflood value of the home. As such, and due to the structure's location in a flood plain, defendants were required to comply with certain permit and building requirements under plaintiff's Local Law No. 11 (2003). Nearly a year later, after plaintiff had again notified defendants of this information, plaintiff served defendants with an order to remedy their violation of Local Law No. 11. When they did not comply, plaintiff commenced this action, moved for summary judgment and sought injunctive relief against defendants to prevent their continued use of the property. Defendants failed to respond to the motion. Supreme Court denied plaintiff summary judgment on most causes of action and, in fact, awarded summary judgment to defendants dismissing two of plaintiff's claims, but granted the part of plaintiff's motion relating to Local Law No. 11 and issued an order permanently enjoining defendants from using their property in violation of that law.

Subsequently, defendants moved to renew based upon an appraisal of the property that they obtained after plaintiff's summary judgment motion was fully submitted. Supreme Court denied defendants' motion. Defendants appeal from both the order partially granting plaintiff summary judgment and the order denying the motion for reconsideration.

Supreme Court did not err in partially granting plaintiff summary judgment. Where the moving party makes a prima facie showing of entitlement to summary judgment, the burden shifts

to the nonmoving party to raise any triable issues of material fact (see CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 560, 562 [1980]; *Thomas v Laustrup*, 21 AD3d 688, 690 [2005]). Because defendants did not respond to plaintiff's motion, plaintiff could prevail by merely presenting a prima facie showing of its entitlement to judgment as a matter of law.

Plaintiff's Local Law No. 11 was enacted in accordance with the National Flood Insurance Program (hereinafter NFIP), as implemented by the Federal Emergency Management Agency (hereinafter FEMA), which rewards local communities for adopting flood plain management measures by providing affordable insurance to existing homes located in flood zones (see 42 USC § 4001 [d], [e]; § 4011 [a]; *Adolph v Federal Emergency Mgt. Agency of the U.S.*, 854 F2d 732, 734 [5th Cir 1988]; *Garcia v Omaha Prop. & Cas. Ins. Co.*, 933 F Supp 1064, 1066-1067 [SD Fla 1995], *affd* 95 F3d 58 [11th Cir 1996]). Within an area of special flood hazard, Local Law No. 11 requires, among other things, that property owners obtain a flood plain development permit prior to making any "substantial improvement" to a structure, that such improvements meet specified construction standards and that the owners receive a certificate of compliance before the structure is reoccupied (see Local Law No. 11 [2003] of Town of Kirkwood §§ 4.2, 5.3).

It is undisputed that defendants made improvements to a structure on their property following the 2006 flood, this property is located in an area of special flood hazard, defendants did not obtain a flood plain development permit, the work completed by defendants did not comply with the construction standards in Local Law No. 11, and no certificate of compliance was issued prior to reoccupation of the structure. The only question is whether the work performed by defendants constitutes a "substantial improvement" that would require defendants to comply with Local Law No. 11.

"Substantial improvement" is defined by the NFIP regulations as "any . . . improvement of a structure, the cost of which equals or exceeds 50 percent of the market value of the structure before the 'start of construction' of the improvement. This term includes structures which have incurred 'substantial damage', regardless of the actual repair work performed" (44 CFR 59.1). A structure has incurred "substantial damage" when the cost of restoring the structure to its predamage condition equals or exceeds 50 percent of its predamage market value (see 44 CFR 59.1). To determine whether defendants made a "substantial improvement" to the structure on their property, thereby requiring compliance with Local Law No. 11, plaintiff used a

current tax assessment to calculate the market value of the structure. Defendants dispute this method of calculation based upon their misinterpretation of the federal regulations as requiring the use of an independent professional appraisal to ascertain market value. The pertinent NFIP regulation, however, makes no such requirement and is, in fact, silent as to how market value is to be determined (*see generally* 44 CFR 59.1). FEMA's written guidelines address market value calculation and list permissible methods, including both the use of professional appraisals and current tax assessments (*see* Federal Emergency Management Agency, Federal Insurance Administration, *Answers to Questions About Substantially Damaged Buildings*, at 16 [Mar. 1991], available at U.S. Department of Homeland Security, FEMA Library, http://www.fema.gov/library/viewRecord.do?id=1636 [accessed Nov. 10, 2010] [hereinafter FEMA Guidelines]). Although plaintiff could have used a professional appraisal, that method of valuation was not required by any federal regulation, and use of a current tax assessment was a permissible method under the FEMA Guidelines. Defendants could have obtained their own appraisal to determine the market value of the structure. Plaintiff even advised defendants in its initial notification letter that it would consider making a redetermination of the applicability of Local Law No. 11 if defendants could provide a recent appraisal showing a higher market value. Defendants, however, failed to submit any alternate property appraisal in response to plaintiff's invitation nor did they timely submit anything to Supreme Court in response to plaintiff's motion. Therefore, the only evidence in the record as to the fair market value of the structure is the undisputed amount of the 2006 tax assessment, which, after taking into consideration the equalization rate, valued the structure at $5,102.

Having ascertained the market value of the structure, the next step is to determine whether the structure has either been substantially damaged or improved in an amount equal to or exceeding 50% of its predamage market value (*see* 44 CFR 59.1). Defendants submitted an itemized list of improvements made to the structure following the 2006 flood, which cost a total of $5,313.54, but argue that, even if plaintiff's market value assessment is accurate, the improvements to the structure were not "substantial." Defendants' argument, however, lacks merit because it is based upon an inaccurate interpretation of the definition of "substantial improvement." They argue that the definition includes only those portions of repairs that are specifically attributable to remedying the damages caused by the flood and the cost of such repairs amount to no more than $2,000,

which is less than 50% of the value of the property. The definition, however, includes improvements made to repair damages attributable to flooding as well as all other improvements made to the structure (*see* 44 CFR 59.1). Accordingly, the cost of the improvements, $5,313.54, exceeds the only evidence on record of its market value, $5,102, thus constituting a "substantial improvement" requiring compliance with Local Law No. 11. It is undisputed that defendants did not obtain a flood plain development permit and the work completed by defendants did not comply with the requirements of Local Law No. 11. Plaintiff has, therefore, sufficiently established a prima facie case, entitling plaintiff to summary judgment as a matter of law.

Supreme Court also properly denied defendants' motion for reconsideration. A motion to renew must be based upon facts not offered, but in existence, at the time of the prior motion and contain a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e]; *JPMorgan Chase Bank, N.A. v Malarkey*, 65 AD3d 718, 719-720 [2009]). Defendants' motion to renew was based upon an independent professional appraisal that was not obtained by defendants until after plaintiff's motion for summary judgment had been submitted. Because defendants failed to provide a reasonable justification for not presenting an appraisal to the court at the time of the original motion, the court properly denied their motion to renew.

Defendants' remaining contentions have been considered but are either not preserved for review or lack merit.

Mercure, J.P., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.