■ In the Matter of TROY SAND & GRAVEL COMPANY, INC., et al., Appellants-Respondents, v TOWN OF NASSAU, Respondents-Appellants. [932 NYS2d 564]—

Malone Jr., J.

As detailed in our prior decisions in this matter (*Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau*, 82 AD3d 1377 [2011]; 80 AD3d 199 [2010]), in 2004, petitioner Troy Sand & Gravel Company, Inc. submitted applications to respondent Town of Nassau for a special use permit and site plan approval for a quarry it proposed to establish on a parcel of land in the Town of Nassau, Rensselaer County. After passing successive moratoria on new mining applications, in 2008, respondent Town Board of the Town of Nassau passed an extensive zoning law that, among other things, permanently banned commercial excavation. The Town also adopted a comprehensive plan pursuant to Town Law § 272-a, establishing the Town's long-term land use goals and policies.

Petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment asserting, among other things, that respondents' actions were taken in bad faith to prevent the operation of the proposed quarry. Following the submission of the article 78 claims for judgment, discovery commenced on the remaining claims. As recounted in this Court's prior decision, Supreme Court determined, among other things, that the comprehensive plan had been adopted in violation of Town Law § 272-a due to both the Town Board's failure to make the plan available for public review for 10 days and because the "special board" failed to adopt a majority resolution recommending the plan to the Town Board. The court also determined that both the comprehensive plan and the zoning law had been approved in violation of the State Environmental Quality Review Act (*see* ECL art 8 [hereinafter SEQRA]). Respondents then appealed from that judgment to this Court, and we affirmed (*Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau*, 82 AD3d 1377 [2011], *supra*).

During the pendency of that appeal, respondents moved to renew and/or reargue and submitted various documents related to the adoption of the zoning law and the comprehensive plan that they allege had been inadvertently omitted from the record. Petitioners cross-moved for partial summary judgment, claiming that respondents' failure to act on the applications for

special use permits constituted a default approval of such.* Supreme Court denied the motion and cross motion. Petitioners now appeal and respondents cross-appeal.

Initially, a motion to renew must be based upon evidence that was previously in existence, but was then unknown to the movant, along with a reasonable justification as to why the information was not previously submitted (*see* CPLR 2221 [e]; *Town of Kirkwood v Ritter*, 80 AD3d 944, 948 [2011]). Here, assuming, arguendo, that the documents submitted by respondents constitute new evidence, it was within Supreme Court's discretion to reject respondents' proffered justifications—including the alleged inexperience of their former attorney with the "procedural or substantive requirements of SEQRA"—as unreasonable (*see Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1302-1303 [2007]; *Wahl v Grippen*, 305 AD2d 707, 707 [2003]), particularly considering the evidence in the record that petitioners made some efforts to identify to respondents certain deficiencies in their filings. Accordingly, we find no basis upon which to disturb that part of the court's judgment.

Next, we are not persuaded that petitioners satisfied their burden of establishing that they are entitled to judgment as a matter of law on their claim that respondents' alleged failure to act on the special use permit application in a reasonable period of time renders the application approved by default. Although both the Town Law and the applicable local laws for the Town of Nassau provide specific time periods in which the Town is required to hold a hearing and decide on an application for a special use permit, neither the Town Law nor the Town's local laws provide for a default approval of a special use permit application in the event that the Town does not comply with those time periods (*see* Town Law § 274-b [6]; Local Law No. 2 [1986] of Town of Nassau, art 6; *Matter of Kabinoff v Village of Harriman Planning Bd.*, 147 AD2d 563, 563-564 [1989]; *compare* Town Law § 276 [providing for default approvals of subdivision plat applications]; Local Law No. 2 [1986] of Town of Nassau, art 7 [same]). The appropriate remedy for the Town Board's alleged failure to act is a special proceeding to compel the Town Board to issue a decision on petitioners' application (*see Matter of Tinker St. Cinema v Town of Woodstock Planning Bd.*, 256 AD2d 970, 971 [1998]; *AHEPA 91 v Town of Lancaster*, 237

---

* While those motions were pending, the parties entered into a stipulation that provided, among other things, that if petitioners' cross motion for partial summary judgment was denied and the zoning law was invalidated by this Court on appeal, the Town would "review and act upon" the permit applications under the prior zoning law.

AD2d 978, 979 [1997]; *Nyack Hosp. v Village of Nyack Planning Bd.*, 167 Misc 2d 490, 491 [1996], *affd* 231 AD2d 617 [1996]).

Next, petitioners contend that respondents have relinquished their right to review the special use permit application by unreasonably delaying a decision. In support of this contention, petitioners primarily rely on federal case law involving the Federal Telecommunications Act of 1996 (*see* 47 USC § 151; *Masterpage Communications, Inc. v Town of Olive, NN*, 418 F Supp 2d 66 [ND NY 2005]), arguing that New York's policy underlying the Mined Land Reclamation Law (*see* ECL 23-2703 [1]) is "analogous" to the federal government's policy underlying the Federal Telecommunications Act. However, the Telecommunications Act is a federal law specifically designed to regulate the manner in which state and local governments make decisions on applications for authorization to construct wireless telecommunications towers in order to prevent those governments from blocking the construction of towers, which would have the effect of causing gaps in consumers' wireless service in that area (*see* 47 USC § 332 [c] [7]; *Masterpage Communications, Inc. v Town of Olive, NN*, 418 F Supp 2d at 76; *New York SMSA Ltd. Partnership v Town of Clarkstown*, 99 F Supp 2d 381, 388-390 [2000]). While the Mined Land Reclamation Law supercedes all local laws and ordinances regulating mining and reclamation activities in the state, the law does not prevent local governments from enacting local laws having the effect of banning mining, nor does it govern the manner in which decisions on special use permits must be made or the time within which those decisions must be made (*see* ECL 23-2703 [2]; *see also Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668 [1996]; *Preble Aggregate v Town of Preble*, 263 AD2d 849 [1999], *lv denied* 94 NY2d 760 [2000]). Even assuming, without deciding, that respondents here have unreasonably delayed a decision on petitioners' application for a special use permit, we are not persuaded that, under the Mined Land Reclamation Law, such delay would necessarily result in respondents' relinquishment of their right to review the application. Based on the foregoing, we find that petitioners did not establish their entitlement to judgment as a matter of law and, as a result, Supreme Court properly denied their motion for partial summary judgment.

To the extent not specifically addressed, the parties' remaining contentions have been considered and found to be unpersuasive.

Mercure, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.