Scott v Thayer (2018 NY Slip Op 02524)





Scott v Thayer


2018 NY Slip Op 02524


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

525214

[*1]JOHN C. SCOTT, Individually and as Executor of the Estate of BERNICE SCOTT, Deceased, Appellant,
v
JANET M. THAYER, Respondent, et al., Defendant.

Calendar Date: February 16, 2018

Before: Garry, P.J., Devine, Clark and Rumsey, JJ.


The Rehfuss Law Firm, Latham (Stephen J. Rehfuss of counsel), for appellant.
Cabaniss Casey LLP, Albany (David B. Cabaniss of counsel), for respondent.




MEMORANDUM AND ORDER
Rumsey
, J.
Appeals (1) from an order of the Supreme Court (Connolly, J.), entered November 10, 2016 in Albany County, which granted defendant Janet M. Thayer's motion for, among other things, summary judgment dismissing the amended complaint against her, and (2) from an order of said court, entered May 23, 2017 in Albany County, which denied plaintiff's motion for leave to renew.
In April 2014, defendant Janet M. Thayer was appointed as guardian of the person and property of Bernice Scott (hereinafter decedent) pursuant to Mental Hygiene Law article 81. Following Thayer's appointment, decedent — who was then 89 years old and suffering with Alzheimer's disease — was moved from her home to the Albany County Nursing Home where she resided for several months. Decedent was later briefly hospitalized at Albany Memorial Hospital, where she died on November 13, 2014. Plaintiff, decedent's son and the executor of her estate, commenced this action against Thayer and another claiming that Thayer had defamed him. Prior to answering, Thayer moved to dismiss the complaint against her pursuant to CPLR 3211 (a) (7) and for summary judgment pursuant to CPLR 3211 (c). While Thayer's motion was pending, plaintiff filed an amended verified complaint, and Thayer and plaintiff stipulated that Thayer's motion would be deemed to seek dismissal of the amended complaint.
Although plaintiff alleged that Thayer made numerous defamatory statements, the only one relevant to this appeal is a statement that Thayer purportedly made to Anthony Posca — a doctor who treated decedent at Albany Memorial Hospital — that "[plaintiff] . . . was very abusive to [decedent], would not take [her] anywhere for checkups, would not let Adult Protective Services or other aides into the house, . . . and that [plaintiff] would not allow [decedent] to be place[d] anywhere." Supreme Court granted Thayer's motion pursuant to CPLR 3211 (c) and dismissed the amended complaint against her finding, in relevant part, that the statement that she allegedly made to Posca was protected by the qualified common interest privilege and that plaintiff had not tendered evidence of malice sufficient to defeat the privilege. Thereafter, Supreme Court denied plaintiff's subsequent motion for leave to renew his opposition to Thayer's motion to provide evidence of malice. Plaintiff now appeals from the order granting defendant's motion for summary judgment and from the order denying his motion to renew.
Supreme Court properly determined that the statement that Thayer allegedly made to Posca is protected by the qualified privilege. "A qualified privilege arises when a person makes a good-faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest" (Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1150 [2012] [internal quotation marks and citations omitted], lv denied 19 NY3d 801 [2012]). To invoke the qualified privilege, "[t]he parties need only have such a relation to each other as would support a reasonable ground for supposing an innocent motive for imparting the information" (Anas v Brown, 269 AD2d 761, 762 [2000]).
Thayer and Posca had a common interest by reason of the duty that each owed to decedent for her health care. The order appointing Thayer as decedent's guardian specifically granted Thayer the power to make health care decisions for decedent (see Mental Hygiene Law § 81.22 [a] [8] [i]), and the statement that Thayer allegedly made to Posca was made in furtherance of the concomitant duty that she owed to decedent. Moreover, the purported statement was made to Posca at a time when he owed decedent a duty, as her treating physician, to provide appropriate health care to her. Although plaintiff had not been responsible for decedent's care in the six months preceding her hospitalization, Thayer's statement that she had been appointed as decedent's guardian because plaintiff had abused decedent, deprived decedent of timely health care and unreasonably delayed her entry to a skilled nursing facility was relevant to her care and treatment by explaining why plaintiff should not be allowed to be involved in making decisions about decedent's care. Moreover, knowledge that plaintiff may have been abusive in the past would better allow the hospital to protect decedent from abuse while she was in its care. Thus, Thayer demonstrated that the statement that she allegedly made to Posca was protected by the qualified privilege, thereby shifting the burden to plaintiff to show that Thayer "acted out of personal spite or ill will, with reckless disregard for the statements' truth or falsity, or with a high degree of belief that [her] statements were probably false" (Cusimano v United Health Servs. Hosps., Inc., 91 AD3d at 1150 [internal quotation marks and citation omitted]). Plaintiff submitted no evidence of malice on the part of Thayer in opposition to her initial motion. Thus, Supreme Court properly granted Thayer's motion seeking dismissal of the complaint because plaintiff failed to demonstrate the existence of a triable issue of fact that would defeat Thayer's claim of privilege.
The denial of plaintiff's motion for leave to renew was also proper. "[I]t is well settled that a motion to renew must be based upon newly discovered evidence which existed at the time the prior motion was made, but was unknown to the party seeking renewal, along with a justifiable excuse as to why the new information was not previously submitted. Notably, a motion to renew is not a second chance to remedy inadequacies that occurred in failing to [*2]exercise due diligence in the first instance" (Howard v Stanger, 122 AD3d 1121, 1123 [2014] [internal quotations marks and citations omitted], lv dismissed 24 NY3d 1210 [2015]; see CPLR 2221 [e]). Plaintiff acknowledges that Thayer's initial motion papers raised the argument that her statement to Posca was protected by the qualified common interest privilege. He further concedes that the evidence of malice that he seeks to submit on renewal was not newly discovered because it was known to him when his opposition to Thayer's motion was filed and served. Under such circumstances, the motion for leave to renew was properly denied.
In any event, plaintiff also failed to provide a reasonable justification for his failure to submit evidence of malice in opposition to the original motion. His claim that his former attorney failed to consult him in preparing the papers that were filed in opposition to the motion is belied by the record. Plaintiff acknowledged that the amended complaint was prepared to cure pleading defects that were identified in Thayer's motion. Plaintiff's counsel had requested that the return date of the motion be adjourned to afford him sufficient time to prepare the amended complaint and a response to the motion and to review them with plaintiff. Notably, plaintiff executed the amended complaint, and it was notarized by an attorney with the law firm then representing him in this action, on March 11, 2016. The amended complaint and the papers that were submitted on plaintiff's behalf in opposition to Thayer's motion were all filed on March 14, 2016. Plaintiff's argument that his former attorney failed to provide evidence of malice, notwithstanding his knowledge that Thayer had asserted that her statement to Posca was protected by the qualified privilege, due to indifference born of an irreconcilable conflict in the attorney-client relationship is also an inadequate justification for failing to provide the evidence on the original motion (see Wood v Tuttle, 106 AD3d 1393, 1394 [2013]; Matter of Troy Sand & Gravel Co., Inc. v Town of Nassau, 89 AD3d 1178, 1180 [2011], lv dismissed 18 NY3d 920 [2012]; Zarecki & Assoc., LLC v Ross, 50 AD3d 679, 680 [2008]; Zebrowski v Pearl Kitchens, 172 AD2d 972, 973-974 [1991]; Lansing Research Corp. v Sybron Corp., 142 AD2d 816, 819 [1988]).
Garry, P.J., Devine and Clark, JJ., concur.
ORDERED that the orders are affirmed, with costs.